Ramiro Morales, SBN 7101
Kelly A. Hedberg, SBN 12224
MORALES FIERRO & REEVES
600 S. Tonopah Drive, Suite 300
Las Vegas, NV 89106
Telephone: (702) 699-7822
Facsimile: (702) 699-9455
Email: rmorales@mfrlegal.com
Email: khedberg@mfrlegal.com

Attorneys for Plaintiff Associated Industries
Insurance Company, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., | CASE NO.: |
| Plaintiff, | COMPLAINT |
| v. | |
| NAVIGATORS SPECIALTY INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff, Associated Industries Insurance Company, Inc. ("Plaintiff"), alleges as follows:

**THE PARTIES**

1. At all relevant times herein, Plaintiff was a corporation existing under the laws of the State of Florida with its principal place of business in Florida.

2. Plaintiff is informed and believes and thereon alleges that, at all times relevant, Defendant Navigators Specialty Insurance Company ("Navigators") was a corporation existing under the laws of the State of New York with its principal place of business in Connecticut.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. This Court has jurisdiction to award a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and NRS § 30.040.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because all of the events or omissions giving rise to these claims occurred within this district.

## THE PROJECT

6.     On or about July 9, 2015, Tesla Motors, Inc. ("Tesla") contracted with D&D to install the roof at Tesla's Gigafactory located at 1 Electric Avenue, Sparks, NV (the Project").

7.     Construction of the roof at the Project took place in seven (7) sections (A, B, C, D, D', E, E', F and G).

8.     Upon information and belief, construction for sections A, B, and C was complete in 2016, construction for sections D, D', E, E' was complete in by Spring 2017 and construction of section G was complete in July 2017.

9.     The total square feet of the roof when complete was over 1 million square feet.

10.    Following completion of the roof, Tesla installed solar panels to a majority of the roof space.

11.    Upon information and belief, following completion of the roof, Tesla personnel observed damage to the roof sections.

12.    Upon information and belief, Tesla claims D&D's defective workmanship has caused water intrusion and damage to the roof's solar panels.

## THE ARBITRATION

13.    On September 7, 2022, Tesla served its *Demand for Arbitration* on D&D that asserted causes of action for: (1) breach of contract; and (2) breach of the implied duty of good faith and fair dealing (the "Arbitration").

14.    The Arbitration remains ongoing under the aegis of the *Construction Industry Arbitration Rules* of the American Arbitration Association.

15.    Plaintiff issued a Commercial General Liability Policy, Policy No.: AES1209553 00 to D&D with effective dates of August 1, 2021 through August 1, 2022 ("Plaintiff's Policy").

16.    Plaintiff's Policy has an each occurrence limit of $1,000,000.

17.    Plaintiff has agreed to defend D&D subject to a complete and full reservation of rights.

18. Plaintiff has incurred in excess of $30,267.00 in attorneys' fees and costs defending D&D in the Arbitration.

## THE NAVIGATORS POLICIES

19. Navigators issued Commercial General Liability Policies (collectively "Navigators Policies") to D&D as follows:

   a. Policy No. LA17CGL224466IC for a policy period effective August 1, 2017 through August 1, 2018 ("17/18 Policy");

   b. Policy No. LA18CGL224466IC for a policy period effective August 1, 2018 through August 1, 2019 ("18/19 Policy");

   c. Policy No. LA19CGL224466IC for a policy period effective August 1, 2019 through August 1, 2020 ("19/20 Policy");

   d. Policy No. LA20CGL224466IC for a policy period effective August 1, 2020 through August 1, 2021 ("20/21 Policy");

20. The Navigators Policies include language setting forth the terms and conditions of the insurance contract between D&D and Navigators.

21. The Navigators Policies provide coverage for "property damage" caused by an "occurrence" during its policy period(s).

22. Navigators has a duty to defend D&D against "suits" alleging "property damage" caused by an "occurrence" during its policy period(s).

23. D&D tendered the Arbitration to Navigators asking for a defense to Tesla's claims.

24. On October 24, 2022, Navigators admitted its defense obligation was triggered by Tesla's claims, but failed to assign counsel.

25. Specifically, Navigators conceded the following:

Based on a reading of the complaint and exhibits (plaintiff's reports), damage has not been alleged to have occurred to other portions of the project. That said, given the significant defects, including issues that could cause water intrusion and damage to property other than the roof, I think a defense obligation is potentially triggered and investigation is warranted. Moreover, I'm sure you are aware that the insured may use extrinsic facts known to it at the time the loss was reported to trigger a defense obligation, and in this case, the insured attorney has informed us that he has had a number of conversations with Tesla's counsel 'who states that the main defect issues are: wind damage and uplift of the TPO which exposes the roof substrate and is

*damaging the solar panels*; water intrusion; and improper adhesion of the water proof membrane. These are issues which need to be verified by a detailed (expert) inspection.' The insured did not install the solar panels. [emphasis in original]

26. Despite admitting its defense obligation had been triggered, on February 24, 2023, Navigators denied D&D a defense to Tesla's claims.

27. Navigators continues to refuse D&D a defense in the Arbitration.

## COUNT ONE

### *(DECLARATORY JUDGMENT RE DUTY TO DEFEND)*

28. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 28 above as though set forth in full herein.

29. Plaintiff asserts the Navigators Policies provide a potential for insurance coverage for D&D concerning Tesla's claims, triggering Navigators' duty to defend D&D in the Arbitration.

30. Plaintiff has undertaken the defense of D&D against Tesla's claims in the Arbitration under a full and complete reservation of rights.

31. Navigators continues to refuse to participate in the defense of D&D in the Arbitration.

32. The actual controversy between the Parties warranting declaratory judgment includes, but is not limited to:

    a. Whether or not the Navigators Policies provide D&D with any potential coverage concerning Tesla's claims in the Arbitration, triggering Navigators' defense obligation; and

    b. In the alternative, a judicial determination of the parties' rights and liabilities concerning the Navigators Policies and any insurance contract that arises during the course of discovery that affects D&D's possible coverage, if any, under the Navigators Policies.

WHEREFORE, Plaintiff requests, pursuant to 28 U.S.C. § 2201 *et seq*. and NRS § 30.040, a Declaratory Judgment in favor of Plaintiff and against Navigators as follows:

A. A judicial declaration that the Navigators Policies provide a potential for insurance coverage for D&D concerning Tesla's claims in the arbitration, triggering Navigators' defense obligation to D&D;

B. In the alternative, a judicial declaration of the Parties' rights and liabilities concerning any insurance contract matter that arises during the course of discovery that affects D&D's possible coverage, if any, under the Navigators Policies;

C. An award of reasonable attorney's fees and costs for this action against Defendants as provided under the Navigators Policies, the common law, and other applicable law;

D. For such orders as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

E. For such other and further relief as this Court deems just and proper.

## COUNT TWO

### *(DECLARATORY JUDGMENT RE DUTY TO INDEMNIFY)*

33. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 33 above as though set forth in full herein.

34. Plaintiff asserts the Navigators Policies provide insurance coverage for D&D concerning Tesla's claims against D&D in the Arbitration.

35. Plaintiff has undertaken the defense of D&D against Tesla's claims in the Arbitration under a full and complete reservation of rights.

36. Tesla may demand indemnity and/or payment under Plaintiff's policies and/or the Navigators Policies with regard to Tesla's claims in the Arbitration.

37. The actual controversy between the Parties warranting declaratory judgment includes, but is not limited to:

   a. Whether or not the Navigators Policies provide D&D with any coverage concerning Tesla's claims in the Arbitration; and

   b. In the alternative, a judicial determination of the parties' rights and liabilities concerning the Navigators Policies and any insurance contract that arises during the course of discovery that affects D&D's possible coverage, if any, under the Navigators Policies.

WHEREFORE, Plaintiff requests, pursuant to 28 U.S.C. § 2201 *et seq*. and NRS § 30.040, a Declaratory Judgment in favor of Plaintiff and against Navigators as follows:

A. A judicial declaration that the Navigators Policies provide insurance coverage for D&D concerning Tesla's claims in the Arbitration;

B. In the alternative, a judicial declaration of the Parties' rights and liabilities concerning any insurance contract matter that arises during the course of discovery that affects D&D's possible coverage, if any, under the Navigators Policies;

C. An award of reasonable attorney's fees and costs for this action against Navigators as provided under the Navigators Policies, the common law, and other applicable law;

D. For such orders as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

E. For such other and further relief as this Court deems just and proper.

## COUNT THREE

### *(EQUITABLE CONTRIBUTION)*

38. Plaintiff incorporates its allegations set forth in Paragraphs 1 through 38 above as though set forth in full herein.

39. Plaintiff has incurred costs to defend D&D in the Arbitration under Plaintiff's Policy.

40. D&D is entitled to a defense and indemnification under the Navigators Policies.

41. Navigators denied and continues to deny D&D a defense in the Arbitration.

42. The amounts Plaintiff has incurred to defend D&D in the Arbitration should have been paid solely, or in part, by Navigators.

WHEREFORE, Plaintiff requests Judgment in Plaintiff's favor and against Navigators as follows:

A. An award of all attorneys' fees and costs incurred defending D&D due to Navigators' wrongful denial of a defense to D&D;

B. In the alternative, an award of an equitable distribution of all attorneys' fees and costs defending D&D due to Navigators wrongful denial of a defense to D&D;

C. An award of reasonable attorney's fees and costs for this action against Navigators as provided under the Navigators Policies, the common law, and other applicable law

D. For such orders as are necessary to preserve this Court's jurisdiction over the parties and issues herein; and

E. For such other and further relief as this Court deems just and proper.

Dated: August 11, 2023

                         MORALES FIERRO & REEVES

By: */s/ Kelly A. Hedberg*
     Ramiro Morales
     Kelly A. Hedberg
     Attorneys for Plaintiff